**WILMER CUTLER PICKERING
    HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
JESSICA LEWIS (SBN 302467)
Sonal.Mehta@wilmerhale.com
Jessica.Lewis@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ARI HOLTZBLATT (SBN 354631)
ALLISON SCHULTZ (*pro hac vice*)
NATHANIEL W. REISINGER (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
Allison.Schultz@wilmerhale.com
Nathaniel.Reisinger@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6443

*Attorneys for Defendant*
*Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAURIE DAIGNEAU, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC.,<br>        Defendant. | Case No. 3:25-cv-10180-WHO<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF JURISDICTION UNDER FED R. CIV. P. 12(b)(1)**<br><br>Judge: Hon. William H. Orrick<br>Courtroom 2, 17th Floor<br>Date: May 27, 2026<br>Time: 2:00pm |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, on May 27, 2026, at 2:00 P.M. in Courtroom 2, via videoconference, this Motion To Dismiss filed by Defendant Meta Platforms, Inc. will be heard. Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant moves to dismiss the Amended Complaint in the above-captioned action. Defendant's Motion to Dismiss is based on this Notice of Motion and the supporting Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Meta has moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 29. That motion is pending, with Meta's reply brief due on April 27, 2026, and a hearing scheduled for May 13, 2026. In its 12(b)(6) Motion, Meta argues that Plaintiffs' claims are barred by Section 230 of the Communications Decency Act and do not plausibly allege the essential elements of each claim. *Id.* That motion independently supports complete, prejudicial dismissal of Plaintiffs' claims.

In their Opposition, Plaintiffs rely on the recent decision in *Bouck v. Meta Platforms, Inc.*, 2026 WL 810036 (N.D. Cal. Mar. 24, 2026), to argue that Meta itself materially contributed to the allegedly fraudulent advertising content at issue. *See* Dkt. 33 at 8-11. Specifically, Plaintiffs contend—quoting *Bouck*—that the Amended Complaint pleads that "the fraudulent statements in the ads" were "created by Meta." *Bouck*, 2026 WL 810036, at *5; Dkt. 33 at 10. By advancing that position to avoid dismissal under Section 230 (a position Meta maintains is not supported by the Amended Complaint), Plaintiffs press a theory of liability that triggers a separate and dispositive federal bar. If Plaintiffs allege that Meta itself made or created the misrepresentations that induced Plaintiffs' purchases, then Plaintiffs' claims are jurisdictionally barred by the Securities Litigation Uniform Standards Act ("SLUSA"). Thus, no matter how Plaintiffs attempt to cast their claims, they are barred at the threshold by federal law.

Meta recognizes that raising this jurisdictional issue in a separate 12(b)(1) motion while its 12(b)(6) motion is pending may be unorthodox, and apologizes for any inconvenience caused by these separate filings. It remains Meta's position that this case can be dismissed entirely on the grounds stated in that prior motion. To that end, this short motion is limited to the threshold

jurisdictional issue triggered by Plaintiffs' adoption of *Bouck*'s content-creation theory. *See In re Apple iPhone Antitrust Litig,*, 846 F.3d 313, 319 (9th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction … may be made at any time."); *see also* Fed. R. Civ. P. 12(b), (h)(3). The Court need only consider this motion if it concludes that Plaintiffs have alleged Meta materially contributed to the fraudulent ad content, in which case it should dismiss for lack of jurisdiction.

## ARGUMENT

### I. Plaintiffs' Adoption Of *Bouck*'s Content-Creation Theory Triggers SLUSA Preemption

To the extent Plaintiffs seek to evade Section 230 based on *Bouck*'s "material contribution" holding, SLUSA deprives this Court of jurisdiction. SLUSA prohibits private parties from bringing covered class actions based on state-law claims that allege a defendant made a material representation in connection with the purchase or sale of a nationally listed security. 15 U.S.C. § 78bb(f)(1). The statute "is designed to prevent persons injured by securities transactions from engaging in artful pleading or forum shopping in order to evade limits on securities litigation" and to "prevent state class actions alleging fraud" from frustrating the restrictions of the Private Securities Litigation Reform Act ("PSLRA"). *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 699 (9th Cir. 2021). "SLUSA is to be given a broad interpretation," and "bars a plaintiff class from bringing (1) a covered class action (2) based on state law claims (3) alleging that the defendants made a misrepresentation or omission or employed any manipulative or deceptive device (4) in connection with the purchase or sale of (5) a covered security." *Id.* Dismissals under SLUSA are jurisdictional and governed by Rule 12(b)(1). *Id.*

### A. SLUSA's First, Second, And Fifth Requirements Are Satisfied

Plaintiffs cannot dispute that SLUSA's first, second, and fifth requirements are satisfied. On the first requirement (a "covered class action"), defined as "any single lawsuit" seeking damages "on behalf of more than 50 persons or prospective class members," 15 U.S.C. § 78bb(f)(5)(B)(i)(I), Plaintiffs allege a class of "thousands." Am. Compl. ¶ 27(a)-(b). The second requirement (state law claims) is also satisfied; Plaintiffs raise exclusively claims under California

common law. *Id.* ¶¶ 144-151 (aiding and abetting fraud), 152-159 (breach of contract), 160-166 (implied covenant), 167-172 (promissory estoppel), 173-179 (negligence), 180-187 (unjust enrichment). The fifth requirement (a "covered security") is defined as a security that is traded nationally and listed on a regulated national exchange. *Lim v. Charles Schwab & Co., Inc.*, 2015 WL 7996475, at *5 n.4 (N.D. Cal. Dec. 7, 2015) (citing 15 U.S.C. § 78bb(f)(5)(E)). At the center of Plaintiffs' allegations is a Chinese penny stock, Ostin Technology Group, or OST, which Plaintiffs allege is "listed on NASDAQ." Am. Compl. ¶ 12. The Amended Complaint thus leaves no room for dispute that this action satisfies SLUSA's first, second, and fifth requirements.

**B.      Plaintiffs' Opposition Advances a Theory of Liability that Satisfies SLUSA's Third and Fourth Requirements**

The remaining SLUSA requirements concern whether Plaintiffs' claims allege a misrepresentation and whether that alleged misrepresentation was made "in connection with" the purchase of a covered security. By relying on *Bouck*'s content-creation theory—i.e., that Meta itself created the fraudulent ad content—to avoid dismissal under Section 230, Plaintiffs have now embraced a theory of their case that alleges both that Meta made the relevant misrepresentations and that those misrepresentations induced Plaintiffs' purchases of OST shares. That theory satisfies SLUSA's remaining elements and therefore deprives this Court of subject-matter jurisdiction.

**Third requirement (misrepresentation).** Plaintiffs' theory must be that Meta contributed to the fraudulent ad content or participated in the deception. Otherwise, Section 230 bars their claims. *Supra* p.1; Dkt. 29 at 10-14. Indeed, it was only because *Bouck* concluded that the plaintiffs in that case alleged Meta "generat[ed] … the images and text in the advertisements," and that "the fraudulent statements in the ads … w[ere] created by Meta," that it held Meta was sufficiently alleged to be "an 'information content provider' of the fraudulent ads." 2026 WL 810036, at *2, *4-5. If the Court accepts that same theory based on the allegations in the Amended Complaint here, SLUSA's misrepresentation requirement is satisfied. Allegations that Meta itself helped create deceptive materials that form the basis of liability would mean that Meta's purported "'deceptive statements or conduct form the gravamen or essence of [Plaintiffs'] claim.'" *Lim*, 2015 WL 7996475, at *5 (quoting *Freeman Investments, L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115

(9th Cir. 2013)). Claims "accusing the defendant of complicity in the false conduct that gives rise to liability are subject to SLUSA's prohibition, while claims of false conduct in which the defendant is not alleged to have had any complicity are not." *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 132 (2d Cir. 2015).

**Fourth requirement ("in connection with").** Plaintiffs' theory in their Opposition also satisfies SLUSA's requirement that the alleged misrepresentation be made in connection with the purchase or sale of a covered security. This requirement "must be construed broadly." *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 828 (9th Cir. 2018) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 86 (2006)). A misrepresentation is made "in connection with" the purchase of a covered securities where it "makes a significant difference to someone's decision to purchase" that security. *Anderson*, 990 F.3d at 702-703 (quoting *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387-388 (2014)). In Opposition, Plaintiffs contend that Meta's alleged creation of deceptive advertising content induced them to purchase OST shares, thus satisfying SLUSA's fourth requirement. Dkt. 33 at 1-3.

The allegations in this case are analogous to *Scala v. Citicorp Inc.*, 2011 WL 900297 (N.D. Cal. Mar. 15, 2011). In *Scala,* the court applied SLUSA's bar to claims against a financial institution accused of aiding and abetting a ponzi scheme executed by one of its clients by falsely representing the scammer's credentials, permitting account access despite known red flags, and failing to monitor the relevant accounts. 2011 WL 900297 at *1-3. Plaintiffs' theory in that case was that the defendant "misled" its customers by lending the scammer an "air of legitimacy," and thus "actively participated in misleading the Plaintiff victims, causing them to turn over funds to" a third-party scammer operating a scheme involving the purchase of covered securities. *Id.* The court held the alleged wrongdoing was not "tangential to" but instead "in connection with" a covered securities purchase because "Plaintiffs' losses resulted directly from what they believed to be legitimate transactions involving covered securities." *Id.* at *7.

In their Opposition, relying on *Bouck*, Plaintiffs here similarly allege that Meta aided and abetted the OST scheme by creating fraudulent advertising content that lured them into a relationship with third-party scammers, allowing the scammers to publish advertisements and

communicate on WhatsApp, and failing to ensure compliance with Meta's policies—conduct that Plaintiffs claim induced them to purchase OST shares whose value collapsed. Dkt. 33 at 3-4; *Bouck*, 2026 WL 810036 at *3-4. And, like the *Scala* plaintiffs, Plaintiffs here claim that their losses "resulted directly" from their purchase of OST shares. *See* Am. Compl. ¶¶ 17, 21-23. SLUSA's "in connection with" requirement is thus met.

Indeed, Plaintiffs' theory necessarily rests on the premise that Meta's actions made a significant difference to their decision to purchase OST shares as it is the sole source of their claimed injury. Absent that causal link, Plaintiffs could not plausibly allege causation, an essential element of each of their claims. *See, e.g.*, *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1476 (2014) ("[C]ausation is an essential element of an aiding and abetting claim[.]"); *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 688 (2018) (negligence requires "proximate cause"). If, as Plaintiffs claim, their injuries stem from fraudulent ad content created by Meta, then that supposed misrepresentation was made "in connection with" Plaintiffs' purchases of a covered security.

## II.    PLAINTIFFS' CLAIMS FAIL AT THE THRESHOLD UNDER ANY FRAMING

Regardless of how Plaintiffs cast their claims, they must be dismissed at the threshold. If, as Meta has always argued, Plaintiffs agree that Meta itself did not create the fraudulent ad content, their claims are barred by Section 230. *See* Dkt. 29. If instead Plaintiffs adopt *Bouck*'s reasoning that Meta created that content, then that argument would trigger SLUSA's bar against claims alleging material misrepresentations in connection with the purchase of a covered security. And, if Plaintiffs try to have it both ways by arguing Meta created the fraudulent content but that it was not material to their decision to purchase OST shares, that would concede the absence of a causal connection between Meta's conduct and their alleged injuries—and would require dismissal of their claims for failure plausibly to allege all essential elements. Plaintiffs cannot proceed under any theory.

## CONCLUSION

For the foregoing reasons, to the extent the Court does not conclude the Amended Complaint is barred by Section 230, it should be dismissed for lack of jurisdiction.

Dated: April 21, 2026                    Respectfully submitted,

                                         By:*/s/ Sonal N. Mehta*
                                         **WILMER CUTLER PICKERING**
                                         **HALE AND DORR LLP**
                                         SONAL N. MEHTA (SBN 222086)
                                         Sonal.Mehta@wilmerhale.com
                                         JESSICA LEWIS (SBN 302467)
                                         Jessica.Lewis@wilmerhale.com
                                         2600 El Camino Real, Suite 400
                                         Palo Alto, CA 94306
                                         Telephone: (650) 858-6000

                                         ARI HOLTZBLATT (SBN 354631)
                                         Ari.Holtzblatt@wilmerhale.com
                                         ALLISON SCHULTZ (*pro hac vice*)
                                         Allison.Schultz@wilmerhale.com
                                         NATHANIEL W. REISINGER (*pro hac vice*)
                                         Nathaniel.Reisinger@wilmerhale.com
                                         2100 Pennsylvania Avenue NW
                                         Washington, DC 20037
                                         Telephone: (202) 663-6443

                                         *Attorneys for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*/s/ Sonal N. Mehta*

Sonal N. Mehta